[No. 29142. Department Two. December 28, 1943.]

CAROLINE C. ROSE, *Appellant,* v. F. J. CHAPMAN, *Defendant,* NORTHWEST CASUALTY COMPANY, *Respondent.*[1]

[1]Reported in 144 P. (2d) 248.

*W. C. Losey,* for appellant.

*Robertson & Smith,* for respondent.

MALLERY, J.—In December, 1942, plaintiff, Caroline C. Rose, was awarded a judgment, by a verdict of a jury in the superior court of Spokane county, Washington, against the defendant, F. J. Chapman, for damages incurred by her in an automobile accident alleged to have been caused by the negligence of the defendant. No appeal having been taken from the judgment and the Northwest Casualty Company having failed to pay it, a writ of garnishment was issued against it. The company answered the writ by admitting that it carried a liability policy on F. J. Chapman's automobile, but denied any liability under the policy for the payment of the judgment against him.

The company set up three defenses: (a) That there was collusion between plaintiff and defendant for the purpose of obtaining a judgment in plaintiff's favor against the defendant; (b) that there was a breach of the cooperation clause of its policy; (c) that the policy was not operative, because of a breach of the exclusion clause against carrying passengers for a charge, in that the plaintiff was a paid passenger, being carried by Chapman in violation of his policy at the time her injury occurred.

The court, having found in favor of the garnishee defendant on the last two defenses, entered a judgment of dismissal of the writ of garnishment and awarded court costs and two hundred fifty dollars as attorney's fees against the plaintiff. From that judgment, plaintiff, Caroline C. Rose, appeals.

Appellant makes the following assignments of error: (1) The court erred in making the finding that the defendant, Chapman, failed to cooperate with the garnishee defendant; (2) the court erred in finding that the plaintiff

was being carried as a passenger for hire; (3) the court erred in dismissing the writ of garnishment and granting judgment in favor of the garnishee defendant for court costs and two hundred fifty dollars attorney's fees.

The policy of insurance contained the following provisions:

"Coverage G—To pay on behalf of the Insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Exclusions (a)   Under any of the above coverages, while the automobile is used as a public or livery conveyance, or for carrying persons for a charge, unless such use is specifically declared and described in this policy and premium charged therefor."

From these clauses it is apparent that the respondent would not be liable under the terms of the policy issued by them if Mr. Chapman and Mrs. Rose were in the relationship of host and guest, since Chapman would not then be subject to a liability imposed upon him by law, by reason of the provisions of Rem. Rev. Stat., Vol. 7A, § 6360-121 [P. C. § 2696-879], sometimes referred to as the host-guest statute, nor would respondent be liable if Chapman were carrying Mrs. Rose for a charge, that situation falling under the exclusion clause above quoted.

We will first discuss appellant's second assignment that the court erred in finding that the appellant was being carried as a passenger for hire.  Appellant contends that she was neither a guest nor a paid passenger, but was, in fact, a joint adventurer with Mr. Chapman and that this relationship, not being excluded by the terms of the policy, makes the respondent liable for the payment of the judgment.  The facts in the case cannot be stated more favorably for the appellant upon this point than is done by her in her brief.  We therefore quote it:

"As to the relation of the parties, Mrs. Rose and Mr. Chapman were neighbors, had known each other for some eight or nine months, and for about three months prior to the happening of this accident, Mr. Chapman had boarded at Mrs. Rose's home, taking his breakfasts and dinners there. He was well acquainted with the plaintiff, and when she wanted to go to the court house on Friday before the accident, she did not hesitate to ask him to take her there because she said it was a long way around on the bus, and she wanted to make the trip quickly. She offered, if he would take her, to do his washing for that week. He stated at the time he would think the matter over and would let her know in the morning. When he came to breakfast the following morning, he told her he had some business at the court house, and, in as much as he wanted to go there himself, he would take her. Mrs. Rose also wanted to go to the town of Dishman, a village about twelve or fifteen miles east of Spokane, to see about some nursery stock. They discussed the matter, and Chapman said he wanted to go to Dishman to see about getting work as a carpenter on some buildings that were being constructed there, and he would take her there also.

"Just after they started on the trip from Mrs. Rose's house, Chapman discovered he was low on gas, and, on looking for his money, found he had left his wallet at home. He remarked he would have to go back and get it, whereupon Mrs. Rose asked him what amount of gas he needed. He told her two gallons would be sufficient, and she put that amount in the tank, paying fifty cents therefor, and told him it might go on the expense of the trip.

"They made the trip to the court house, each transacting his or her respective business at that point, and then they made the trip to Dishman, and while returning home, the accident occurred."

These facts did not constitute a case of joint adventure. *Poutre v. Saunders, ante* p. 561, 143 P. (2d) 554. The appellant is, therefore, brought within the exclusion clauses of the policy and, hence, the company is not liable for the judgment. This point being decisive of the case, we will only mention, in passing, in regard to appellant's first assignment of error, that the court's finding that the defendant, Chapman, failed to cooperate with the garnishee defendant, is amply sustained by the record, and that the third assign-

ment of error, being purely formal in nature, must also fail. The judgment is affirmed.

MILLARD, BLAKE, and ROBINSON, JJ., concur.

SIMPSON, C. J., concurs in the result.

